UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ISRAEL DODD RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00188-TWP-KMB |
| | ) |
| KENNY FREEMAN, | ) |
| CODY LOW, | ) |
| KYLE LEE, | ) |
| | ) |
| Defendants. | ) |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL

Presently pending before the Court are *pro se* Plaintiff Israel Dodd Richardson's two pending motions to compel. [Dkts. 31; 33.] In the first motion, Mr. Richardson seeks written policies of the Jennings County Sheriff's Office and use of force reports involving Defendant Cody Low. In the second motion, he seeks Deputy Low's and his K-9 partner's Suspect Apprehension Training certifications. For the reasons explained below, Mr. Richardson's First Motion to Compel, [dkt. 31], is **GRANTED IN PART** and **DENIED IN PART**, and his Second Motion to Compel, [dkt. 33], is **DENIED**.

### I. BACKGROUND

Mr. Richardson claims that Deputies Cody Low and Kyle Lee used excessive force during a traffic stop in March 2022, during which Mr. Richardson was allegedly bitten by Deputy Low's K-9 partner, Axel. The original complaint named Deputy Low, Deputy Lee, and Jennings County Sheriff Kenny Freeman in their individual and official capacities. [Dkt. 1 at 2.] In the Order screening the original complaint, the Court ruled that "Plaintiff's claims against Defendants . . . shall proceed." [Dkt. 9 at 3.] No claims were dismissed. [*Id.*]

Mr. Richardson's Amended Complaint includes substantially similar allegations. [Dkt. 34.] It names Sheriff Freeman in his individual and official capacities and Deputies Low and Lee in their individual capacities only. [*Id.* at 2.] The Court has not yet screened the Amended Complaint.

Mr. Richardson's First Motion to Compel seeks two categories of discovery: (1) "All use of force reports involving Cody Low from November 1, 2020, to November 1, 2024"; and (2) "Jennings County Sheriff's Departments policies for K-9 use and training." [Dkt. 31 at 2-3.] His Second Motion to Compel seeks "Axel and Cody Low's K-9 Suspect Apprehension certification" and "All of Axel and Cody Low's training, test sheets, reports, and hours of follow-up training regarding K-9 suspect apprehension." [Dkt. 33 at 1-2.]

## II.  LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)).  Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility.  *Est. of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. Oct. 18, 2021) (citing Fed. R. Civ. P. 26(b)(1)). The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 WL 1043163, at *2 (S.D. Ind. Mar. 4, 2019).

### III. DISCUSSION

The Defendants state that they produced the Jennings County Sheriff's Office's policies for K-9 use and training in their initial disclosures on March 27, 2024, and that they produced "all Axel's training records and certifications in their possession" on April 12, 2024. [Dkt. 36 at 2.] At those times, Mr. Richardson was incarcerated at Clark County Jail, and defense counsel sent the materials to a Clark County Sheriff's Office email address. [Dkts. 36-1, 36-2.] As to Deputy Low's use of force reports, Defendants argue that Mr. Richardson "has not alleged a *Monell* claim against [the Jennings County Sheriff's Office] for a pattern or custom of using excessive force. As such, Defendants' objection should be upheld and Plaintiff's motion should be denied as irrelevant to the claims at issue in this lawsuit." [Dkt. 36 at 3.] They also argue that the use of force reports "contain sensitive and confidential information relating to law enforcement conduct involving private citizens, which information has no conceivable relevance to Plaintiff's arrest and subsequent lawsuit." [*Id.* at 4.]

In reply, Mr. Richardson states that he was only able to review an outline of the Defendants' initial disclosures while he was at Clark County Jail and that he has since been transferred to Breckinridge County Jail in Hardinsburg, Kentucky. [Dkt. 39 at 2.] He states that has received numerous training and certification sheets for Deputy Low and Axel but that none of these documents "pertain[] to Apprehension or Apprehension techniques." [*Id.*] Mr. Richardson argues that "[i]f any of the requested materials [regarding Axel's K-9 training] exists it is discoverable." [*Id.*] Finally, Mr. Richardson argues that he is bringing a *Monell* claim against the Jennings County Sheriff's Office, and that Deputy Low's use of force reports "could show that the defendants had knowledge that Cody Low and Axel were not trained in apprehension and it was not a mistake or accident they used or failed to stop the use of unreasonable excessive force." [*Id.* at 3.]

3

Having considered the Parties' arguments, the Court rules as follows:

Mr. Richardson's motion to compel the production of the Jennings County Sheriff's Office's policies for K-9 use and training is **DENIED AS MOOT** because the Defendants produced these materials with their initial disclosures while Mr. Richardson was incarcerated at Clark County Jail. The Defendants are **ORDERED** to resend their initial disclosures to Mr. Richardson at his new facility to ensure that he has them.

Mr. Richardson's motion to compel the production of "Axel and Cody Low's K-9 Suspect Apprehension certification" and "All of Axel and Cody Low's training, test sheets, reports, and hours of follow-up training regarding K-9 suspect apprehension" is **DENIED**. The Defendants must only produce documents within their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). As the "party seeking production of documents," Mr. Richardson "bears the burden of establishing the opposing party's control over those documents." *Meridian Laboratories, Inc. v. OncoGenerix USA, Inc.*, 333 F.R.D. 131, 135 (N.D. Ill. September 25, 2019). The Defendants state that they have already produced Deputy Low's and Axel's K-9 training materials and that they do not possess any others. Mr. Richardson agrees that he has received some K-9 training and certification materials but believes that others have been withheld. He provides no basis for this assertion, and none is apparent from the record. Accordingly, his request for these additional K-9 training materials is denied.

Mr. Richardson's motion to compel the production of Deputy Low's use of force reports is **GRANTED**. As the objecting parties, the Defendants have the burden of proving that this discovery request is irrelevant or otherwise improper. *Hunt*, 2019 WL 1043163, at *2. They argue that this request is irrelevant to Mr. Richardson's individual capacity claim against Deputy Low and that he is not bringing a *Monell* claim against the Jennings County Sheriff's Office. But as

Mr. Richardson correctly notes, the Amended Complaint names Jennings County Sheriff Kenny Freeman in his official capacity, which is a way of suing the Jennings County Sheriff's Office itself. *See Bertha v. Hain*, 787 F. App'x 334, 349 (7th Cir. 2019) ("The claims against the Sheriffs in their official capacities are really against the Kane County Sheriff's Office."); *Shirley v. Marion County Sheriff's Office*, 2020 WL 2113409, at *2 (S.D. Ind. May 4, 2020) ("[T]he defendants correctly argue that the official capacity claims against Sheriff Layton should be dismissed because they are duplicative of *Monell* claims against the [Marion County Sheriff's Office]".). The undersigned makes no ruling as to whether the Amended Complaint sufficiently pleads a *Monell* claim against Sheriff Freeman in his official capacity. Instead, the undersigned merely notes that Mr. Richardson has included an official capacity claim against Sheriff Freeman and that he asserts in his reply brief that he included this claim in order to sue the Jennings County Sheriff's Office under *Monell*. The Amended Complaint will be screened by the District Judge in due course. As such, the Defendants' basis for refusing to produce Deputy Low's use of force reports—that Mr. Richardson is not bringing a *Monell* claim—does not justify their objection to this discovery request. Further, the Defendants' concern for the confidentiality of non-party civilians who are named in the reports can be addressed through reasonable redactions of personally identifiable information or by a stipulated protective order between the Parties.

In sum, Mr. Richardson's request for the Jennings County Sheriff's Office's policies for K-9 use and training is denied as moot because the Defendants produced those materials in their initial disclosures. The Defendants shall resend their initial disclosures to Mr. Richardson at his new facility. Mr. Richardson's request for additional K-9 training materials for Deputy Low and Axel is denied because he has not shown that those materials exist or that they are in the Defendants' possession, custody, or control. His request for Deputy Low's use of force reports

5

from November 1, 2020, to November 1, 2024, is granted because the Defendants have not shown that these reports are irrelevant or otherwise exempted from discovery. The Parties shall meet and confer on how to produce the use of force reports without infringing the privacy of non-party civilians.

### IV.  CONCLUSION

Mr. Richardson's First Motion to Compel, [dkt. 31], is **GRANTED IN PART** and **DENIED IN PART**. The Defendants shall produce all use of force reports involving Cody Low from November 1, 2020, to November 1, 2024, **within 14 days of the issuance of this Order**. The Parties shall meet and confer on how to produce these reports without infringing the privacy of non-party civilians. The Defendants shall also resend their initial disclosures to Mr. Richardson at his new facility **within 14 days of the issuance of this Order**. Mr. Richardson's Second Motion to Compel, which seeks additional K-9 training materials for Deputy Low and his K-9 partner, [dkt. 33], is **DENIED**.

**So ORDERED**.

Date: 6/20/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ISRAEL DODD RICHARDSON
BRECKINRIDGE COUNTY JAIL
500 Glen Nash Road
Hardinsburg, KY 40143