UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ISRAEL DODD RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00188-TWP-KMB |
| | ) |
| KENNY FREEMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON *PRO SE* PLAINTIFF'S DISCOVERY MOTIONS

*Pro se* Plaintiff Israel Dodd Richardson has filed multiple pending motions related to discovery. These include a motion to reopen discovery and extend the deadline to disclose expert witnesses, [dkt. 50] and a motion to compel the production of use of force reports and sanction the Defendants for non-compliance with a previous discovery order, [dkt. 53].

## I. RELEVANT BACKGROUND FOR PENDING MOTIONS

Mr. Richardson's residence and incarceration status has changed multiple times throughout this lawsuit. He filed the Complaint while he was incarcerated at Jennings County Jail on November 20, 2023. [Dkt. 1.] On March 7, 2024, he filed a Notice of Change of Address stating that he had been transferred to Clark County Jail. [Dkt. 21.] On May 6, 2024, he filed another Notice of Change of Address stating that he had been transferred to Breckinridge County Jail in Hardinsburg, Kentucky. [Dkt. 37.] Most recently, on July 19, 2024, he filed another Notice of Change of Address and provided a residential address in South Vernon, Indiana. [Dkt. 56.]

Throughout this lawsuit, defense counsel has been diligent and responsive to Court Orders to send and resend discovery materials to Mr. Richardson. [Dkts. 49, 51-1, 51-2.] Cases involving *pro se* litigants can present additional challenges for opposing counsel, particularly when, as here, the *pro se* litigant's address and incarceration status changes frequently.

## II. DISCUSSION

### A. Motion to Reopen Discovery and Extend Deadline to Disclose Experts

Mr. Richardson's Motion to Reopen Discovery and Extend his Deadline to Disclose Experts states that he has not been able to review the Defendants' initial disclosures even though defense counsel resent the materials to Clark County Jail and coordinated with officials there to ensure his ability to review the materials. [Dkt. 50 at ¶ 2; *see also* dkts. 51-1; 51-2.] He asks for an additional 90 days to conduct discovery in order to review discovery materials and propound interrogatories. [Dkt. 50 at ¶ 3.] Mr. Richardson states that he is also waiting "to see how the court rules on aspects of my amended complaint to see if I need an expert on K-9 training, so I ask that that deadline be extended 90 days as well." [Dkt. 50 at ¶ 4.].

In response, the Defendants argue that they confirmed Mr. Richardson's ability to review the discovery materials while he was incarcerated. [Dkt. 51 at 4 (citing dkts. 51-1; 51-2).] They argue that Mr. Richardson has already reviewed the discovery materials, as evidenced by his other filings. [Dkt. 51 at 4-5.] They point out that the Court already granted Mr. Richardson's Motion to File an Amended Complaint on May 29, 2024, and that in any event, waiting for a court's ruling does not excuse a litigant's failure to meet case management deadlines. [*Id.* at 5.] Given these circumstances, they argue that Mr. Richardson has not shown good cause to reopen discovery, which closed on June 13, 2024, or to extend his deadline to disclose expert witnesses, which expired on May 29, 2024. [*Id.* at 2 (citing dkt. 18 (Pretrial Schedule)).] They also argue that he has not shown excusable neglect for waiting until significantly past these deadlines to seek an extension. [Dkt. 51 at 3.] Mr. Richardson has not filed a reply, and the time to do so has passed. *See* S.D. Ind. Local Rule 7-1(c)(3)(B) ("Any reply is due within 7 days after service of the response.").

The Court agrees that Mr. Richardson has not shown good cause to extend these deadlines. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). His filings show that he has been able to review the discovery materials, despite his incarceration and transfers between facilities. [Dkt. 53 at ¶ 2 ("Defendants produced only documents from April 3, 2022, after the incident giving rise to this action, to the present, nothing before March 5, 2022 the date of incident.").] He also does not explain why he waited a significant time after these deadlines had already passed before seeking an extension of time. *See* Fed. R. Civ. P. 6 (courts may only extend deadlines that have already expired "if a party failed to act because of excusable neglect."). Accordingly, Mr. Richardson's motion to extend these deadlines, [dkt. 50], is **DENIED**.

### B. Motion to Compel and Sanction Defendants under Rule 37

The Court previously ordered the Defendants to "produce all use of force reports involving Cody Low from November 1, 2020, to November 1, 2024." [Dkt. 46 at 6.] The Defendants filed a timely Notice of Compliance on July 2, 2024. [Dkt. 49.] Mr. Richardson has confirmed that he received their response but argues that the Defendants have withheld use of force reports prior to April 2022. [Dkt. 53 at ¶ 2.] The Defendants respond that they have produced all of Cody Low's use of force reports for the relevant time period and that Mr. Richardson "provides no basis for his assertion that there are additional reports not produced." [Dkt. 55 at ¶ 4.] Mr. Richardson has not filed a reply, and the time to do so has passed. S.D. Ind. Local Rule 7-1(c)(3)(B).

Nothing in the record suggests that the Defendants are withholding additional use of force reports involving Cody Low. *See Perry v. Gregory*, 2020 WL 9424664, at *2 (S.D. Ind. March 27, 2020) (denying motion to compel the production of pictures, videos, and documents showing mold in a prisoner's cell where the defendants affirmed that no such materials exist). Mr. Richardson

clearly believes that the Defendants possess additional use of force reports involving Cody Low, but he has not provided any support for this assertion and none is apparent from the record. Accordingly, his Motion to Compel and Sanction the Defendants under Rule 37 is **DENIED**.

### III. CONCLUSION

For the reasons explained above, Mr. Richardson's Motion to Reopen Discovery and Extend his Deadline to Disclose Experts, [dkt. 50], and his Motion to Compel and Sanction the Defendants under Rule 37, [dkt. 53], are **DENIED**.

**So ORDERED**.

Date: 8/5/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ISRAEL DODD RICHARDSON
235 South East Cherokee Drive
North Vernon, IN 47265